1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT N. JOHNSON,

11           Plaintiff,                    No. CIV S-10-1730 MCE GGH

12       vs.

13   CJS VENTURES, Inc., et al.,

14           Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16           Plaintiff's motion for default judgment against Defendant CJS Ventures, Inc.,

17   ("CJS") filed March 19, 2012, was submitted without a hearing.  CJS filed no opposition.  Upon

18   review of the motion and supporting documents, and good cause appearing, the court issues the

19   following findings and recommendations.

20   BACKGROUND

21           On July 6, 2010, plaintiff filed the underlying complaint in this action against

22   defendants CJS, individually and d/b/a Brothers Bar & Grill, located at 888 Emerald Bay Road,

23   South Lake Tahoe, California, and Clinton Schue.[1]  See Complaint, at p. 2; Ownership &

24   Operations Documentation, attached as exhibit B to Complaint.  Plaintiff alleges he visited the

25   _____

26      [1]  Defendant Schue was dismissed from the action on May 7, 2012.  (Dkt. no. 31.)

1

1  restaurant on or about June 7, 2010, and one other time, but encountered architectural barriers in

2  the form of the lack of  "correct number and type of properly configured disabled parking

3  space(s) including the lack of a van accessible disabled parking space, accessible route,

4  accessibility signage and striping." (Complaint, at p. 3.)  Plaintiff has supplied facts pertaining to

5  each alleged defect and its effect on him.  He asserts that these defects constitute violations of the

6  Americans With Disabilities Act and state law.  The summons and complaint were served by

7  substituted service on T.J. Durham, person in charge at the business, on July 27, 2010.  Fed. R.

8  Civ. P. 4(h); Cal. Code Civ. Proc. § 415.20(a).  The summons and complaint were thereafter

9  mailed to CJS.  (Dkt. no. 28.)  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d

10  1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  CJS has failed

11  to file an answer or otherwise defend in this action.  On January 30, 2012, the clerk entered

12  default against defendant CJS.

13        The instant motion for default judgment and supporting papers were served on

14  CJS.  Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to California

15  Civil Code section 52(a) as well as injunctive relief.[2]

16  DISCUSSION

17        Entry of default effects an admission of all well-pleaded allegations of the

18  complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

19  1977).  The court finds the well pleaded allegations of the complaint state a claim for which

20  relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

21  memorandum of points and authorities and affidavits filed in support of the motion for entry of

22

23        [2]  Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes
any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every
24  offense for the actual damages, and any amount that may be determined by a jury, or a court
sitting without a jury, up to a maximum of three times the amount of actual damage but in no
25  case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by
the court in addition thereto, suffered by any person denied the rights provided in Section 51,
26  51.5, or 51.6."

2

1   default judgment also support the finding that plaintiff is entitled to the relief requested.  There

2   are no policy considerations which preclude the entry of default judgment of the type requested.

3   See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  Plaintiff is entitled to statutory

4   damages for each "offense," i.e., each obstructed visit.  Feezor v. DeTaco, Inc., 431 F.Supp.2d

5   1088 (S.D. Cal. 2005).

6   CONCLUSION

7         In view of the foregoing findings, IT IS THE RECOMMENDATION of this court

8   that:

9         1.  Plaintiff's motion for entry of default judgment be GRANTED as to CJS

10   Ventures, Inc. in the amount of $8,000; and

11         2.  Injunctive relief be granted against defendant CJS Ventures, Inc., requiring the

12   correct number and type of properly configured disabled parking space(s), including a van

13   accessible disabled parking space, an accessible route, accessability signage and striping, located

14   at 888 Emerald Bay Road, South Lake Tahoe, California, in conformity with the Americans with

15   Disabilities Act Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal

16   Regulations, Part 36.

17         These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

19   fourteen days after being served with these findings and recommendations, any party may file

20   written objections with the court and serve a copy on all parties.  Such a document should be

21   captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

22   objections shall be served and filed within seven days after service of the objections.  The parties

23   \\\\\

24   \\\\\

25   \\\\\

26   \\\\\

1    are advised that failure to file objections within the specified time may waive the right to appeal

2    the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: July 3, 2012

4                                              /s/ Gregory G. Hollows
                                      UNITED STATES MAGISTRATE JUDGE

5    GGH:076/Johnson1730.def.wpd